| | |
|---|---|
| 1 | JAMES J. BROSNAHAN (CA SBN 34555) |
|   | JBrosnahan@mofo.com |
| 2 | PAUL FLUM (CA SBN 104424) |
|   | PaulFlum@mofo.com |
| 3 | GEORGE C. HARRIS (CA SBN 111074) |
|   | GHarris@mofo.com |
| 4 | MORRISON & FOERSTER LLP |
|   | 425 Market Street |
| 5 | San Francisco, California 94105-2482 |
|   | Telephone: 415.268.7000; Facsimile: 415.268.7522 |
| 6 | |
|   | Attorneys for Defendants |
| 7 | MICHAEL S. SITRICK, NANCY SITRICK, and the |
|   | MICHAEL AND NANCY SITRICK TRUST |
| 8 | |
|   | GREGORY A. GARBACZ (CA SBN 167007) |
| 9 | ggarbacz@klinedinstlaw.com |
|   | CONNIE M. ANDERSON (CA SBN 210286) |
| 10 | canderson@klinedinstlaw.com |
|   | KLINEDINST PC |
| 11 | 777 South Figueroa Street, 47th Floor |
|   | Los Angeles, California 90017 |
| 12 | Telephone: 213.607.2115; Facsimile: 213.607.2116 |
| 13 | Attorneys for Defendants |
|   | MICHAEL S. SITRICK and NANCY SITRICK |
| 14 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 17 | RICHARD WOOL and ALAN MAYER, on behalf of the Sitrick and Company Employee Stock Ownership Plan, | Case No. CV10-02741 JHN (PJWx) |
| 18 | | |
| 19 | Plaintiffs, | **SITRICK DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SITRICK DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| 20 | v. | |
| 21 | MICHAEL S. SITRICK and NANCY SITRICK, husband and wife; THE MICHAEL AND NANCY SITRICK TRUST, a trust; RELIANCE TRUST COMPANY, a Georgia corporation, | |
| 22 | | Date:   August 2, 2010 |
| 23 | | Time:   2:00 p.m. |
|    | | Ctrm:   790 |
| 24 | Defendants. | Judge:  Hon. Jacqueline H. Nguyen |
| 25 | SITRICK AND COMPANY, INC., a California corporation; SITRICK AND COMPANY EMPLOYEE STOCK OWNERSIHP PLAN, | |
| 26 | | |
| 27 | | |
| 28 | Nominal Defendants. | |

1  Pursuant to Federal Rule of Evidence 201(b)(2), Defendants Michael S.
2  Sitrick, Nancy Sitrick, and the Michael and Nancy Sitrick Trust ("Sitrick
3  Defendants"), in conjunction with the concurrently filed Sitrick Defendants'
4  Motion to Dismiss the First Amended Complaint ("FAC"), request that the Court
5  take judicial notice of the following documents:
6      1.   The Resources Connection, Inc. Form 8-K Report filed with the
7           Securities and Exchange Commission ("SEC") and signed and dated
8           October 29, 2009 ("Resources Form 8-K"), accessible from the
9           SEC's online "EDGAR" database available at www.sec.gov; and
10     2.   The December 23, 3008 Redemption Agreement referred to in the
11          First Amended Complaint ("FAC") as the "Stock Repurchase
12          Transaction."
13 The above documents are attached as Exhibits A and B, respectively, to
14 the Declaration of James J. Brosnahan in Support of Sitrick Defendants' Request
15 for Judicial Notice in Support of Sitrick Defendants' Motion to Dismiss the First
16 Amended Complaint ("Brosnahan Declaration") filed concurrently herewith.

**I.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE REOURCES FORM 8-K BECAUSE IT WAS PUBLICALLY FILED WITH THE SEC.**

The Court may take judicial notice of documents filed with the SEC. *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863-64 (N.D. Cal. 2004) (taking judicial notice of SEC filings); *Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1352 n.3 (S.D. Cal. 1998) (taking judicial notice of documents required by law to be filed with the SEC). There can be no reasonable dispute that the Resources Form 8-K attached to the Brosnahan Declaration is the Form 8-K that Resources filed with the SEC on October 29, 2009, as required by law. The Resources Form 8-K, therefore, qualifies for judicial notice under Federal Rule of Evidence 201(b) because it is "capable of accurate and ready determination by

resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE RESOURCES FORM 8-K AND THE REDEMPTION AGREEMENT BECAUSE BOTH ARE THE SUBJECT OF ALLEGATIONS IN THE FAC.

The Court can take judicial notice of documents quoted in the FAC, incorporated by reference into the FAC, or that form the basis of Plaintiffs' allegations. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002). The FAC repeatedly refers to, purports to summarize, and bases a significant portion of its claims against the Sitrick Defendants on the Redemption Agreement. (*See, e.g.*, FAC ¶¶ 44-47, 70, 76, 78, 86-87.) Plaintiffs also identify and summarize the contents of the Resources Form 8-K as the basis of their allegations in the FAC. (*See, e.g.*, FAC ¶ 62 ("In the Resources acquisition reported in October 2009…").) In addition, two of the agreements that form the basis of Plaintiffs' allegations in the FAC are included in their entirety in the Resources Form 8-K: the purchase agreement between Resources and Sitrick And Company and the separate agreement under which Michael Sitrick was to receive 89.5% of the purchase price from Resources in exchange for exclusive rights to his personal goodwill. (FAC ¶¶ 58-62.) Accordingly, both documents are the proper subject of judicial notice.

## III. CONCLUSION

For the foregoing reasons, the Sitrick Defendants respectfully request that the Court take judicial notice of the Resources Form 8-K and the Redemption Agreement.

Dated: June 21, 2010

| | |
|---|---|
| GREGORY A. GARBACZ<br>CONNIE M. ANDERSON<br>KLINEDINST PC<br><br>Attorneys for Defendants<br>MICHAEL S. SITRICK and<br>NANCY SITRICK | JAMES J. BROSNAHAN<br>PAUL FLUM<br>GEORGE C. HARRIS<br>MORRISON & FOERSTER LLP<br><br>By: _____/s/ James J. Brosnahan_____<br>James J. Brosnahan<br>Attorneys for Defendants<br>MICHAEL S. SITRICK, NANCY SITRICK, and the MICHAEL AND NANCY SITRICK TRUST |