

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICHARD WOOL and ALLAN
MAYER, on behalf of the Sitrick and
Company Employee Stock Ownership
Plan,

                     Plaintiffs,

vs.

MICHAEL S. SITRICK and NANCY
SITRICK, husband and wife; THE
MICHAEL AND NANCY SITRICK
TRUST, a trust; RELIANCE TRUST
COMPANY, a Georgia corporation;

                     Defendants,

SITRICK AND COMPANY, INC., a
California corporation; SITRICK
AND COMPANY EMPLOYEE
STOCK OWNERSHIP PLAN;

                     Nominal Defendants.

Case No. 2:10-cv-02741-JHN-PJWx

**ORDER GRANTING IN PART AND
DENYING IN PART THE
SITRICKS' MOTION TO DISMISS
AND RELIANCE'S MOTION TO
DISMISS**

Judge: Honorable Jacqueline H. Nguyen

        The matters before the Court are the Sitrick Defendants' Motion to Dismiss

the First Amended Complaint ("Sitricks' Motion") (Docket No. 29) and the

Reliance Trust Company's Motion to Dismiss First Amended Complaint

("Reliance's Motion") (Docket No. 30), both of which were filed on June 21,

2010.  The Court took both matters under submission on August 5, 2010.

1   (Docket No. 48.)  The Court has considered the briefs filed in these matters, and

2   for the reasons herein, the Court GRANTS IN PART and DENIES IN PART the

3   Sitricks' Motion.  The Court GRANTS the Sitricks' Motion and dismisses

4   *without prejudice* Count I, Count II (with respect to the Personal Goodwill

5   Transaction only) and Count III as alleged against Sitrick and Nancy Sitrick.  The

6   Court DENIES the Sitricks' Motion as to all remaining claims.

7   Additionally, the Court GRANTS IN PART and DENIES IN PART

8   Reliance's Motion.  The Court GRANTS Reliance's Motion and dismisses

9   *without prejudice* Count III as alleged against Defendant Reliance.  The Court

10   DENIES Reliance's Motion as to all remaining claims.

11   **I.**

12   **FACTUAL BACKGROUND**

13   In 1989, Defendant Michael S. Sitrick ("Sitrick") founded Sitrick and

14   Company, Inc. ("SCI"), a company providing "strategic communication services"

15   to various businesses, agencies, and individuals.  (First Am. Compl. ("FAC") ¶¶

16   3, 7, 12.)  Sitrick was SCI's sole shareholder.  (*Id.* at ¶ 18.)

17   **A.     The Employee Stock Ownership Plan**

18   On March 1, 1999, SCI established the Sitrick and Company Employee

19   Stock Ownership Plan ("ESOP") and the Employee Stock Ownership Trust

20   ("ESOT").  (FAC ¶ 17.)   "The ESOP is a stock bonus plan qualified under §

21   401(a) of the Internal Revenue Code of 1986 as amended and is an employment

22   stock ownership plan as defined under ERISA."  (*Id.*)  SCI appointed Sitrick as

23   the ESOP's sole trustee and issued 1,702,400 shares of Class B stock to Sitrick.

24   (*Id.* at ¶ 19–21.)  Sitrick sold all those shares of Class B stock to the ESOP for

25   approximately $15,321,600 or $9.00 per share.  (*Id.* at ¶ 22.)  This transaction left

26   the ESOP with 24.32% of the total equity in SCI, while Sitrick owned the

27   remaining equity in SCI through his Class A shares.  (*Id.*)  SCI financed the stock

28   purchase by borrowing the amount of the purchase price and loaning it to the

ESOP.  (*Id.* at ¶ 23.)  "The ESOP paid Sitrick for the Class B shares and executed and delivered to SCI a promissory note payable in installments of principal and interest."  (*Id.*)  Plaintiffs allege that "the total equity of the SCI exceeded the sum of $60 million in or about March 1999."  (*Id.* at ¶ 25.)

From 2001 to 2008, SCI "continued to grow and prosper" with, for instance, over $22.5 million in total revenues for the year ending December 31, 2008.  (FAC ¶ 29.)  However, "[d]espite the profitability and growth of the Company, as well as the reduction of the ESOP indebtedness each year, the ESOP reported to its participants and beneficiaries a decline in the value of Plan assets and share value virtually every year from 2001 to 2008."  (*Id.* at ¶ 30.)  "As a result, the gross value of Plan assets declined from a reported high of approximately $17.36 million in 2000, to a reported low of approximately $1.7 million in 2008, despite the fact that the original ESOP indebtedness of approximately $15.3 million was almost fully repaid by December 31, 2008."  (*Id.* at ¶ 31.)

Plaintiffs contend that this loss of nearly 90% of the ESOP's original fair market value resulted, in large part, from "self-dealing by Sitrick and [a] breach of his fiduciary duties as trustee of the ESOP."  (FAC ¶ 32.)  In particular, Plaintiff contends the loss stemmed from a "Personal Goodwill Transaction" and the "2008 Stock Repurchase Transaction."  (*Id.* ¶¶ 33–64.)

**B.     The Personal Goodwill Transaction**

The Personal Goodwill Transaction (or "Transaction") "was a conflicted transaction in which Sitrick acted in both his individual capacity and his corporate capacity as SCI Chief Executive Officer and Director in approving the Transaction and in agreeing to annual royalty payments."  (FAC ¶ 37.)  The Transaction consisted of a "verbal or written royalty agreement" between Sitrick and SCI, wherein "SCI was granted the nonexclusive and revocable right to use Sitrick's Personal Goodwill in consideration for an annual royalty payment to

Sitrick." (*Id.* at ¶ 36.) Sitrick purportedly received millions of dollars pursuant to the terms of the Transaction and concealed those royalty payments from ESOP participants. (*Id.* at ¶¶ 38–39.) Plaintiff claims the Transaction was "an improper misappropriation and diversion of corporation assets" (*id.* at ¶ 40), that "Sitrick in his capacity as ESOP Trustee never objected to the Personal Goodwill Transaction" (*id.* at ¶ 42), and that the Transaction "substantially diluted the value of SCI's assets and employer securities owned by the ESOP" (*id.* at ¶ 43).

**C.    The 2008 Stock Repurchase Transaction**

With respect to the 2008 Stock Repurchase Transaction (or "Stock Repurchase"), Sitrick allegedly learned of an offer from Resources Connection, Inc. ("Resources") to purchase SCI assets or stock for an amount in excess of $70 million. (FAC ¶ 44.) Upon learning of this lucrative offer, Sitrick purportedly "conceived the plan to purchase all of the ESOP's stock in SCI for a fraction of its fair market value and thereafter to sell the SCI assets and his Personal Goodwill to Resources for a sum approaching $90 million or more." (*Id.* at ¶ 45.)

"To carry out his plan, Sitrick caused the SCI Board of Directors to engage [Defendant Reliance Trust Company ("Reliance")] as an independent fiduciary for the ESOP to consider and approve the sale of all of the ESOP's Class B shares in SCI to the [Defendant The Michael and Nancy Sitrick Trust ("Sitrick Trust")] and to engage an unknown financial advisor to prepare a valuation and/or fairness opinion to support the Transaction." (FAC ¶ 46.) According to the FAC, Sitrick "intentionally failed to disclose information or made false or misleading statements of facts which were material to the fairness of the proposed [Stock Repurchase] and the fair market value of ESOP's Class B shares." (*Id.* at ¶ 48.) "By reason of such omissions and/or false or misleading statements," Plaintiffs claim, "Defendants Sitrick and [his wife] Nancy Sitrick were de facto discretionary fiduciaries for the Stock Repurchase Transaction, by omission or misrepresentation." (*Id.* (emphasis omitted).) Although the FAC does not allege

any specific false or misleading statements by Nancy Sitrick, the FAC does state that Sitrick "failed to disclose or misrepresented the substantial offers to purchase SCI by multiple companies sine 2000, the formal or informal offers to acquire SCI made by Resources in 2007 and 2008, and the conflicts and prohibited transaction in which Sitrick engaged with respect to the Personal Goodwill Transaction."  (*Id.* at ¶ 49.)

In terms of Reliance's purported liability, the FAC claims that Reliance failed to conduct a "careful and prudent investigation" into the circumstances surrounding the Stock Repurchase and "failed to determine in good faith the fair market value of the ESOP's Class B shares."  (FAC ¶ 50.)  "Instead, Reliance and its financial advisor assumed that the Personal Goodwill Transaction was contractual, valid, and binding and determined that the ESOP's Class B shares had a total aggregate value of only $1.04 per share or approximately $1.7 million."  (*Id.* at ¶ 51.)

As a result of the Stock Repurchase, Plaintiffs allege that the valuation of the ESOP's Class B shares was "a colossal understatement" of their fair market value and that the ESOP received "far less than adequate consideration in this prohibited transaction between the ESOP and parties in interest."  (FAC ¶¶ 55–56.)

## II.

## PROCEDURAL HISTORY

On April 15, 2010, Plaintiffs Richard Wool and Allan Mayer (collectively "Plaintiffs") filed this lawsuit on behalf of the ESOP.  Plaintiffs filed their FAC on May 15, 2010 against Defendants Sitrick, Nancy Sitrick, the Sitrick Trust, and Reliance and Nominal Defendants SCI and the ESOP.  Plaintiffs assert the following causes of action under The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*:

(1)    violation of Section 404 of the ERISA, 29 U.S.C. § 1104, against

1            Sitrick, Nancy Sitrick, and Reliance;

2       (2)    violation of Sections 406 and 408 of the ERISA, 29 U.S.C. §§ 1106

3            and 1108, against Sitrick, Nancy Sitrick, the Sitrick Trust, and

4            Reliance;[1]

5       (3)    violation of Section 405 of the ERISA, 29 U.S.C. § 1105, against

6            Sitrick, Nancy Sitrick, and Reliance; and

7       (4)    equitable remedies under Sections 409(a) and 501(a)(3) of the

8            ERISA, 29 U.S.C. §§ 1109(a) and 1132(a)(3), against the Sitrick

9            Trust.

10   (FAC ¶¶ 65–95.)

11       On June 21, 2010, Defendants filed two motions to dismiss.  The first is the

12   Sitricks' Motion for dismissal of all claims against the Sitrick

13   Defendants—Sitrick, Nancy Sitrick, and the Sitrick Trust.  In support of their

14   Motion, the Sitrick Defendants filed a supporting Memorandum ("Sitricks'

15   Mem.") and a Request for Judicial Notice ("Sitricks' RFJN").

16       The second pending motion to dismiss is Reliance's Motion, which seeks

17   dismissal of all claims against Reliance.  In addition to its Motion, Reliance filed

18   a supporting Memorandum ("Reliance's Mem.") and a Request for Judicial

19   Notice ("Reliance's RFJN").

20       Plaintiffs subsequently filed a separate Opposition to each Motion ("Opp'n

21   to Sitricks' Mot." and "Opp'n to Reliance's Mot." respectively), along with a

22   Request for Judicial Notice ("Pls.' RFJN").  Defendants thereafter filed a Reply

23   ("Sitricks' Reply" and "Reliance's Reply" respectively).

24   ///

25                         **III.**

26

27        [1]  Although the header does not indicate that Count II is against Reliance,

28   Paragraphs 78 and 80 indicate that Count II is alleged against Reliance as well.

# REQUESTS FOR JUDICIAL NOTICE

All parties have requested the Court take judicial notice of various documents.  Judicial notice is appropriate under Federal Rule of Evidence 201 for facts "not subject to reasonable dispute," because they are either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice is also appropriate for documents on which the complaint necessarily relies and also for matters of public record, provided that the authenticity of the documents is not reasonably contested.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## A.  Sitricks' Request for Judicial Notice

The Sitrick Defendants request that the Court take judicial notice of two Exhibits.  Exhibit A is the "Resources Connection, Inc. Form 8-K Report filed with the Securities and Exchange Commission ('SEC') and signed and dated October 29, 2009 ('Resources Form 8-K'), accessible from the SEC's online 'EDGAR' database available at www.sec.gov."  (Sitricks' RFJN 1.)  Exhibit B is the "The December 23, [2]008 Redemption Agreement referred to in the [FAC] as the 'Stock Repurchase Transaction.'"  (*Id.*)

Exhibit A is a copy of a document filed with the SEC and appears to be capable of accurate and ready determination.  *In re Copper Mt. Secs. Litig.*, 311 F. Supp. 2d 857, 863 (N.D. Cal. 2004) (finding that documents filed with the SEC are appropriate for judicial notice).  Exhibit B is a document necessarily relied upon in the FAC.  Because both Exhibits are documents appropriate for judicial notice, Plaintiffs do not oppose the Court taking judicial notice, and Plaintiffs do not dispute the Exhibits' authenticity, the Court GRANTS the Sitrick Defendants' Request and takes judicial notice of Exhibits A and B.

///

## B.  Reliance's Request for Judicial Notice

1    Reliance requests that the Court take judicial notice of Exhibit A, the BCC

2    Valuation Report purportedly relied upon by Reliance during the valuation

3    process of SCI and the Class B stock.  (Reliance's RFJN 1–2.)  Reliance claims

4    Exhibit A is necessarily relied upon in the FAC, an argument which Plaintiffs

5    dispute.  (*Id.*)  Regardless of whether the FAC necessarily relies on Exhibit A,

6    Plaintiffs dispute its authenticity.  (Opp'n to Reliance's Mot. 7–8.)  Plaintiffs

7    claim the Report is a "private document never before revealed to the ESOP

8    participants" and that they have no means of verifying its accuracy at this stage.

9    (*Id.* at 8.)  Because the document's authenticity is reasonably in dispute, the

10   Court DENIES Reliance's Request and declines to take judicial notice of Exhibit

11   A.

12   **C.    Plaintiffs' Request for Judicial Notice**

13   Finally, in support of its Opposition to Reliance's Motion, Plaintiffs

14   request that this Court take judicial notice of Exhibit A, the SCI Financial

15   Statement as of December 31, 2008 (audited) and June 30, 2009 (unaudited),

16   which was filed with the SEC.  (Pls.' RFJN 2.)  Exhibit A is a copy of a

17   document filed with the SEC, and its authenticity has not been questioned.  As

18   such, the Court GRANTS Plaintiffs' Request and takes judicial notice of Exhibit

19   A.  *In re Copper Mt. Secs. Litig.*, 311 F. Supp. 2d at 863.

20                                          **IV.**

21                              **LEGAL STANDARD**

22   Rule 12(b)(6) permits a defendant to seek dismissal of a complaint that

23   "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P.

24   12(b)(6).  In evaluating a motion to dismiss, the Court generally cannot consider

25   material outside the complaint, such as facts presented in briefs, affidavits, or

26   discovery materials, unless such material is alleged in the complaint or judicially

27   noticed.  *McCalip v. De Legarret*, No. CV 08-2250 CAS (FFMx), 2008 U.S. Dist.

28   LEXIS 87870, at *4 (C.D. Cal. Aug. 18, 2008); *see Jacobson v. AEG Capital*

1    *Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995).  The Court must accept as true all

2    material factual allegations in the complaint and construe them in the light most

3    favorable to the plaintiff.  *Nursing Home Pension Fund, Local 144 v. Oracle*

4    *Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004).  However, this tenet is inapplicable

5    to legal conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The Court

6    need not accept as true "[t]hreadbare recitals of the elements of a cause of action,

7    supported by mere conclusory statements..."  *Id.*  The Court, based on judicial

8    experience and common-sense, must determine whether a complaint plausibly

9    states a claim for relief.  *Id.* at 1950.

10       Part of the Court's determination as to whether a claim plausibly states a

11   claim for relief involves an analysis of a pleading's factual specificity.  Asserting

12   more than mere conclusory statements, a complaint must provide a factual basis

13   showing that a plaintiff is entitled to relief and to give the defendant fair notice of

14   claims and relief asserted.  *Id.* at 1950–51; *Bell Atl. Corp. v. Twombly*, 550 U.S.

15   544, 556 (2007); Fed. R. Civ. P. 8(a)(2).  Although a lengthy factual background

16   is unnecessary, dismissal of a complaint is warranted where the plaintiff fails to

17   allege specific facts needed to support the plausibility of a claim or provide fair

18   notice to the opposing party.  *See id.*

19       Dismissal is also warranted where a complaint, alleging fraud, fails to meet

20   the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

21   Although "[m]alice, intent, knowledge, and other conditions of a person's mind

22   may be alleged generally," a complaint "must state with particularity the

23   circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Averments

24   of fraud must be accompanied by 'the who, what, when, where, and how' of the

25   misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

26   Cir. 2003) (citation omitted).  This includes allegations as to the particular

27   statement and why it was false or misleading.  *Id.*  In fact, "[t]he requirement of

28   specificity in a fraud action against a corporation requires the plaintiff to allege

9

1   the names of the persons who made the allegedly fraudulent  representations,

2   their authority to speak, to whom they spoke, what they said or wrote, and when

3   it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App.

4   4th 153, 157 (Cal. Ct. App. 1991).  Failure to sufficiently allege fraud claims

5   mandates their dismissal.  *Vess*, 317 F.3d at 1106.

## V.

### DISCUSSION

**A.    Sitricks' Motion to Dismiss**

The Sitrick Defendants seeks dismissal of all claims under Federal Rules of
Civil Procedure 8, 9(b), and 12(b)(6).  (Sitricks' Mot. I.)  For the reasons herein,
the Court dismisses *without prejudice* Counts I, II as it relates to the Personal
Goodwill Transaction, and III, as alleged against Sitrick and Nancy Sitrick.  The
Court declines to dismiss the remaining claims.

**1.    Count I**

Plaintiffs assert Count I—for violation of Section 404 of the ERISA, 29
U.S.C. § 1104—against Sitrick, Nancy Sitrick, and Reliance.[2]  Section 404
imposes many duties upon ERISA fiduciaries, including the obligation to
discharge one's duties "with respect to a plan solely in the interest of the
participants and beneficiaries" and "with the care, skill, prudence, and diligence
under the circumstances then prevailing that a prudent man acting in a like
capacity and familiar with such matters would use in the conduct of an enterprise
of a like character and with like aims."  29 U.S.C. § 1104(a).

*a.    ERISA Fiduciaries*

The Sitrick Defendants argue that Plaintiffs fail to state a claim under
Section 404 on the ground that Sitrick and Nancy Sitrick were not ERISA
fiduciaries.  (Sitricks' Mem. 7.)  For instance, because the FAC alleges that

---

[2]    The Sitricks' Trust is not a named defendant for purposes of Count I.

1   Reliance was an "independent fiduciary" hired to consider and approve the Stock
2   Repurchase (FAC ¶ 46), the Sitrick Defendants contend there is no factual basis
3   to support the allegation that Sitrick and his wife were ERISA fiduciaries with
4   respect to the Stock Repurchase.  The Court disagrees.

5           With regard to Sitrick, the FAC explicitly alleges that he was the ESOP's
6   sole trustee (FAC ¶ 19) and does not contend that Sitrick was ever relieved of
7   that duty.  Because ESOP trustees are fiduciaries, Sitrick was a fiduciary here.
8   *Johnson v. Couturier*, 572 F.3d 1067, 1076 (9th Cir. 2009) ("Because all three
9   Defendants served as ESOP trustees, each was an ERISA fiduciary subject to the
10  duties of loyalty and care and to the prohibition against self-dealing.").  Although
11  the SCI Board of Directors, of which Sitrick was a member (FAC ¶ 3), hired
12  Reliance to consider and approve the Stock Repurchase for the ESOP (*id.* at ¶
13  46), such does not alleviate Sitrick of his fiduciary duties owed to the ESOP.
14  *Howard v. Shay*, 100 F.3d 1484, 1489–90 (9th Cir. 1996) ("An independent
15  appraisal 'is not a magic wand that fiduciaries may simply wave over a
16  transaction to ensure that their responsibilities are fulfilled...'") (citation omitted).
17  Nothing in the FAC supports Defendants' contention that Reliance became the
18  *sole* fiduciary of the ESOP.  (Sitricks' Reply 2.)

19          With respect to Nancy Sitrick, the FAC alleges that she was an officer and
20  director of SCI.  (FAC ¶ 3.)  Although not a formal trustee of the ESOP, the FAC
21  alleges that she, along with Sitrick, "acted with discretionary authority in
22  structuring, approving, and executing" various transactions, including the Stock
23  Repurchase.  (*Id.* at ¶ 67.)  Because ERISA defines a fiduciary liberally to include
24  any individual who exercises control, discretion, and authority over the
25  management or disposition of ESOP assets (*Johnson*, 572 F.3d at 1076), the FAC
26  provides an adequate factual basis to conclude that Nancy Sitrick was an ESOP
27  fiduciary for purposes of the Stock Repurchase.  For the same reasons the
28  appointment of Reliance did not relieve Sitrick of his fiduciary duties, it similarly

1    did not relieve Nancy Sitrick of hers.

2        b.    *Rule 9(b)*

3        Having found that the FAC adequately alleges that Sitrick and his wife

4    were fiduciaries, the Court now must address the Sitrick Defendants' second

5    argument—that the alleged misrepresentations and omissions do not support a

6    breach of fiduciary duty claim.  (Sitricks' Mem. 9.)  They contend that Plaintiffs'

7    claims are not pled with particularity as required by Federal Rule of Civil

8    Procedure 9(b).  The Court agrees.

9        With respect to claims against Sitrick, the Court agrees that Plaintiffs have

10   failed to meet the heightened pleading requirements of Rule 9(b) for fraud claims.

11   "Fraud arises from the plaintiff's reliance on the defendant's false representations

12   of material fact, made with knowledge of falsity and the intent to deceive."

13   *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995).

14   While Plaintiffs do allege breaches of fiduciary duty not necessarily tied to

15   fraudulent conduct (FAC ¶ 69), Plaintiffs' claims against Sitrick are grounded in

16   fraud.  For instance, with regard to the Stock Repurchase, Plaintiffs allege that

17   Sitrick "conceived [a] plan" to repurchase the ESOP stock for his personal

18   financial gain and "carr[ied] out his plan" by "caus[ing]" SCI to hire Reliance.

19   (*Id.* at ¶¶ 44–46.)  Plaintiffs allege that Sitrick "*intentionally* failed to disclose

20   information or made false or misleading statements of fact which were material to

21   the fairness of the [Stock Repurchase]."  (*Id.* at ¶ 48 (emphasis added).)  Yet,

22   while Plaintiffs' claims are rooted in fraud, Plaintiffs' general allegations in

23   Paragraph 69 of the FAC, regarding Sitrick's purported breaches of fiduciary

24   duty, fail to identify the particular circumstances constituting Sitrick's fraud.

25   Fed. R. Civ. P. 9(b).  The FAC is lacking specific allegations as to "'the who,

26   what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at

27   1106 (citation omitted).  Accordingly, the Court finds that Count I, as against

28   Sitrick, fails to meet the heightened pleading standards required under Rule 9(b).

1   With regard to Plaintiffs' claims against Nancy Sitrick, it is less clear
2   whether Plaintiffs are alleging fraud.  Although the FAC does not blatantly assert
3   that she acted fraudulently, when read in context, Plaintiffs' allegations against
4   Nancy Sitrick do appear to arise from a course of fraudulent conduct.  The FAC
5   unequivocally alleges that Nancy Sitrick made false or misleading statements of
6   material fact, which resulted in damage to the value of the ESOP.  (FAC ¶¶ 71(a),
7   72–73.)  The question then is whether Plaintiffs allege that she acted
8   intentionally.  It appears that they do.  The FAC alleges that Nancy Sitrick was a
9   conflicted fiduciary, who, from the face of the FAC, appears to have acted in
10  furtherance of her husband's plan for their own financial gain.  (*See id.* at ¶¶ 48,
11  67.)  As such, the FAC fails to plead with particularity the allegations in Count I
12  against Nancy Sitrick.  Accordingly, the Court finds that Count I, as against
13  Nancy Sitrick, too fails to meet the heightened pleading standards required under
14  Rule 9(b).[3]

15  For these reasons, the Court GRANTS the Sitricks' Motion as to Count I
16  and dismisses *without prejudice* Count I as against Sitrick and Nancy Sitrick.

17  **2.   Count II**

18  Plaintiffs assert Count II—for violation of Sections 406 and 408 of the
19  ERISA, 29 U.S.C. §§ 1106 and 1108—against Sitrick, Nancy Sitrick, the Sitrick
20  Trust, and Reliance.  Section 406(a) prohibits ERISA fiduciaries from causing a
21  plan to engage in transactions between the plan and a party in interest.  29 U.S.C.
22  § 1106(a).  Section 406(b) mandates that a fiduciary, himself, not engage in
23  transactions with the plan.  *Id.* at § 1106(b).  Section 408 outlines various
24  exemptions that do not give rise to liability.  *Id.* at § 1108.

25  _____

26  [3]   As stated, the Court dismisses Count I against Sitrick and Nancy Sitrick
27  *without prejudice*.  To the extent Plaintiffs do not contend that Nancy Sitrick's
    breaches of fiduciary duty arose from a fraudulent course of conduct, any amendment
28  to the FAC must clearly indicate as much.

1    Plaintiffs allege that the Goodwill Purchase Transaction and 2008 Stock
2    Repurchase Transaction were prohibited transactions between a plan and parties
3    in interest.  (FAC ¶ 76.)  They claim that Sitrick and his wife were ERISA
4    fiduciaries who engaged in the Personal Goodwill Transaction (*id.* at ¶ 77) and
5    that Sitrick, his wife, and Reliance were ERISA fiduciaries who engaged in the
6    2008 Stock Repurchase Transaction (*id.* at ¶ 78).

7        a.    *Section 406(a) — Personal Goodwill Transaction*

8    The Court first addresses whether Plaintiffs state a claim under Section
9    406(a) with respect to the Personal Goodwill Transaction.  The Sitrick
10   Defendants argue that the Transaction is not actionable, because it was not caused
11   by a plan fiduciary.  (Sitricks' Mem. 19.)  They contend that because Sitrick was
12   acting in his "individual" and "corporate" capacities when he purportedly caused
13   the Transaction to occur, the FAC forecloses the interpretation that he was acting
14   as a plan fiduciary at the time.  (*Id.* at 20.)  The Court disagrees.

15   The Ninth Circuit has explained that where "an ESOP fiduciary also serves
16   as a corporate director or officer, imposing ERISA duties on business decisions
17   from which that individual could directly profit does not to us seem an
18   unworkable rule."  *Johnson*, 572 F.3d at 1077.  As such, because the Transaction
19   was a business decision that resulted in substantial pecuniary gain for Sitrick (and
20   his wife who allegedly profited from the financial success of the marital
21   community), the FAC adequately alleges that Sitrick and his wife were ERISA
22   fiduciaries when they purportedly caused the Transaction to occur.

23   In the alternative, the Sitrick Defendants contend that the Transaction did
24   not involve ESOP assets.  (Sitricks' Mem. 20.)  Because Sitrick purportedly
25   misappropriated and transferred to himself "corporate assets" (FAC ¶ 34), as
26   opposed to plan or ESOP assets, the Sitrick Defendants argue that the Transaction
27   was not prohibited.  Based on the allegations in the FAC, the Court concurs.

28   Generally, corporate assets are not plan assets.  *Johnson*, 572 F.3d at 1080.

1    Yet, as Plaintiffs argue, the Ninth Circuit has found that, in some instances, the

2    use of corporate assets may be considered a diminution of plan assets.  *Id.*  In

3    *Johnson v. Couturier*, a company's liquidation plan provided for payment of all

4    remaining equity to ESOP participants.  *Id.*  As such, any funds used to

5    compensate defendants or pay their legal expenses would, "dollar for dollar,

6    reduce the funds available for distribution to ESOP participants."  *Id.*  "In other

7    words," expenditure of company funds was "tantamount to asking ESOP

8    participants to pay for Defendants' defense costs, with no recovery possible or at

9    least highly unlikely..."  *Id.*

10       Here, the FAC alleges that the Personal Goodwill Transaction involved an

11   expenditure of "corporate assets."  (FAC ¶ 34.)  There is no allegation that the

12   Transaction involved plan assets, such as shares owned by the ESOP.  Although

13   the Court recognizes that Sitrick and the ESOP were the only shareholders in SCI

14   (*id.* at ¶ 22), the FAC contains no factual allegations suggesting that

15   circumstances similar to those in *Johnson v. Couturier* are present.  The FAC

16   does not allege, for instance, that all remaining SCI equity would be paid to

17   ESOP participants, such that a reduction in the company's equity would result in

18   a direct loss to the ESOP.  Nothing suggests how or in what manner the Personal

19   Goodwill Transaction resulted in a "dollar for dollar" loss to the ESOP or was

20   "tantamount" to asking ESOP participants to pay Sitricks' allegedly excessive

21   compensation.  *Johnson*, 572 F.3d at 1080.  Simply put, the FAC is devoid of

22   factual allegations allowing this Court to plausibly infer that ESOP assets were

23   compromised through this Transaction.

24       Consequently, the Court finds that the FAC fails to state a claim for

25   violation of Section 406(a) as it relates to the Personal Goodwill Transaction.

26       *b.      Section 406(a) — 2008 Stock Repurchase Transaction*

27       Having found that the FAC fails to state a claim under Section 406(a) with

28   respect to the Personal Goodwill Transaction, the Court now must consider

1   whether the FAC states a claim under Section 406(a) with regard to the Stock
2   Repurchase.

3         The Sitrick Defendants first argue that the FAC does not plausibly state a
4   claim under 406(a) with respect to the Stock Repurchase, because there is no
5   factual basis to conclude that they were acting as ERISA fiduciaries given that
6   SCI had hired Reliance to act as a plan fiduciary.  (Sitricks' Mem. 21.)  For the
7   reasons previously articulated, this argument is unavailing.

8         The Sitrick Defendants further contend that the FAC lacks a factual basis
9   suggesting that they are liable as parties in interest.  (Sitricks' Mem. 22.)   To be
10   liable as a party in interest under Section 406(a), an individual must "have had
11   actual or constructive knowledge of the circumstances that rendered the
12   transaction unlawful." *Harris Trust & Sav. Bank v. Salomon Smith Barney*, 530
13   U.S. 238, 251 (2000).  Where a transaction provides "adequate consideration" for
14   a plan's shares, that transaction is not unlawful.  29 U.S.C. § 1108(a).  The Sitrick
15   Defendants argue that the FAC lacks non-conclusory facts suggesting that the
16   ESOP did not receive adequate consideration for its shares or that the price for
17   those shares was not determined in good faith.  (Sitricks' Mem. 22.)  That
18   argument lacks merit.

19         As alleged, at the time of the Stock Repurchase, the ESOP owned nearly
20   25% of SCI's total equity.  (FAC ¶ 22.)  However, just as an offer to purchase
21   SCI for a sum in excess of $70 million materialized, Sitrick and SCI, of which
22   Nancy Sitrick was a officer and director, hired Reliance to "consider and approve
23   the sale of all of the ESOP's Class B shares in SCI to the Sitrick Trust..." (*Id*. at
24   ¶¶ 44–45.)  Although the ESOP shares had originally been valued at $9.00 per
25   share, the company experienced prosperity since it established the ESOP, and
26   SCI had been valued at a sum in excess of $70 million just prior to the Stock
27   Repurchase, the ESOP received only $1.04 per share or $1.7 million for its nearly
28   one-quarter interest in SCI.  (*Id.* at ¶ 22, 27–29, 44.)  Then, with the Sitrick Trust

1   owning 100% of all the equity in SCI, the company merged with Brincko
2   Associates, Inc. to form Sitrick Brincko Group, LLC as part of an arrangement
3   for Resources to acquire SCI's assets.  (*Id.* at ¶ 59.)  As part of Resources'
4   acquisition of Sitrick Brincko Group, LLC, Sitrick and the Sitrick Trust received
5   a sum in excess of $92 million.  (*Id.* at ¶ 62.)  Based on these allegations, it is
6   plausible to conclude that the ESOP, when it received $1.7 million, failed to
7   obtain adequate consideration for its one-quarter interest in a company valued in
8   excess of $70 million.  It is also reasonable to conclude that, as alleged, the
9   Sitrick Defendants failed to act in good faith and instead acted to capitalize on a
10  lucrative offer that eventually allowed them to pocket nearly $100 million by
11  owning 100% of SCI's equity.  For these reasons, Plaintiffs allege a sufficient
12  factual basis to conclude that Sitrick and his wife were parties in interest.  As
13  such, Plaintiffs state a claim under Section 406(a) with respect to the Stock
14  Repurchase.

15              *b.      Section 406(b)*

16          Finally, Defendants argue that the FAC fails, as a matter of law, to state a
17  claim under Section 406(b)(1).  (Sitricks' Mem. 24.)  Section 406(b)(1) prohibits
18  a plan fiduciary from dealing with the plan's assets in his or her own interest.  29
19  U.S.C. § 1106(b)(1).  With respect to the Personal Goodwill Transaction,
20  Plaintiffs fail to state a claim, because, as previously stated, they have not
21  adequately alleged that the Transaction involved *plan* assets.

22          However, with respect to the Stock Repurchase, Plaintiffs do state a claim
23  under Section 406(b).  As discussed, Plaintiffs have adequately alleged that
24  Sitrick and his wife were plan fiduciaries for purposes of the Stock Repurchase.
25  Contrary to the Sitrick Defendants' argument, Plaintiffs have adequately alleged
26  that the ESOP did not receive adequate consideration and thus that the Stock
27  Repurchase was not exempted under Section 408(e).  For these reasons, although
28  Plaintiffs fail to state a claim under Section 406(b) with respect to the Personal

1   Goodwill Transaction, they do state a claim with regard to the Stock Repurchase.

2   Overall, the Court GRANTS IN PART and DENIES IN PART the

3   Sitricks' Motion as to Count II.  The Court GRANTS the Motion and dismisses

4   Count II as it relates to the Personal Goodwill Transaction.  The Court DENIES

5   the Motion and declines to dismiss Count II as it pertains to the Stock Repurchase

6   Transaction.

7   ### 3.    Count III

8   Plaintiffs assert Count III—for violation of Section 405 of the ERISA, 29

9   U.S.C. § 1105, against Sitrick, Nancy Sitrick, and Reliance.  Under Section 405,

10   "a fiduciary with respect to a plan shall be liable for a breach of fiduciary

11   responsibility of another fiduciary with respect to the same plan...if he

12   participates knowingly in, or knowingly undertakes to conceal, an act or omission

13   of such other fiduciary, knowing such act or omission is a breach."  29 U.S.C. §

14   1105(a)(1).

15   With respect to the Sitrick Defendants, the FAC alleges that they are liable

16   as "co-fiduciaries for each other's breaches regarding the Personal Goodwill

17   Transaction and the Stock Repurchase Transaction, as each participated

18   knowingly in the other's fiduciary breaches, each knowingly undertook to

19   conceal the other's fiduciary breaches, and each failed to make a reasonable

20   effort to remedy the other's fiduciary breaches."  (FAC ¶ 86.)

21   Although the Court disagrees with the Sitrick Defendants' first argument

22   that they cannot be liable because they were not plan fiduciaries, the Court does

23   agree that the FAC fails to allege a sufficient factual basis to support the scienter

24   requirement in Section 405.  (Sitricks' Mem. 24.)  While the FAC does set forth a

25   factual basis as to breaches of duty by both Sitrick and his wife, it fails to provide

26   facts from which the Court could infer "actual knowledge" of the other party's

27   breaches.  In their Opposition, Plaintiffs cite to Paragraphs 86 and 88 to suggest

28   that they did, in fact, provide an adequate factual basis.  (Opp'n to Sitricks' Mot.

50.)  However, Paragraphs 86 and 88 contain conclusory legal allegations devoid of any factual underpinning.  (FAC ¶¶ 86, 88.)  Absent a factual basis to support Plaintiffs' claims of "actual knowledge" of a co-fiduciary's breaches, Plaintiffs fail to state a claim.

Accordingly, the Court GRANTS the Sitricks' Motion as to Count III and dismisses *without prejudice* Count III as against Sitrick and Nancy Sitrick.

### 4.    Count IV

Lastly, Plaintiffs assert Count IV—for equitable remedies under Sections 409(a) and 501(a)(3) of the ERISA, 29 U.S.C. §§ 1109(a) and 1132(a)(3)—against the Sitrick Trust.  The Sitrick Defendants' only argument is that, because all other claims should be dismissed, Count IV too must be dismissed, since it is derivative of Counts I through III.  (Sitricks' Mem. 25.)  Without addressing whether Count IV states an independent basis for relief, the Court DENIES the Sitricks' Motion as to Count IV, since Count II survives the Sitricks' Motion.

## B.    Reliance's Motion to Dismiss

Reliance seeks dismissal of all claims against Reliance under Federal Rule of Civil Procedure 12(b)(6).  (Reliance's Mot. 1.)  For the reasons herein, the Court dismisses Count III *without prejudice* and declines to dismiss the remaining claims as alleged against Reliance.

### 1.    Count I

As stated, Plaintiffs assert Count I—for violation of Section 404 of the ERISA, 29 U.S.C. § 1104—against Sitrick, Nancy Sitrick, and Reliance. With respect to their claim against Reliance, Plaintiffs allege that the company "acted imprudently and breached its fiduciary duties to the ESOP" in many respects, particularly by failing to investigate or question the validity of the Personal Goodwill Transaction.  (FAC ¶ 70.)  Reliance seeks dismissal of Count I on the ground that various allegations in the FAC "simply did not occur."

(Reliance's Mem. 9.)  They claim that a valuation report, of which this Court has declined to take judicial notice, evidences that Reliance acted prudently and loyally in the way it evaluated SCI's income.  (*Id.*)

However, on a motion to dismiss, the Court may not render credibility determinations as to the weight of evidence.  Rather, the Court must accept as true all factual allegations in the FAC and construe them in the light most favorable to Plaintiffs.  *Nursing Home*, 380 F.3d at 1229.  To accept as true Reliance's interpretation of this valuation report would flatly contradict this established rule of law.  In addition, the Court may not consider evidence outside the Complaint, particularly that of which the Court has refused to take judicial notice.  *See McCalip*, 2008 U.S. Dist. LEXIS 87870, at *4; *see Jacobson*, 50 F.3d at 1496.  Since Plaintiffs dispute the valuation report's authenticity and as a result the Court has declined to take judicial notice, the Court may not consider this report in determining whether the FAC states a claim for relief.  Accordingly, the Court DENIES Reliance's Motion as to Count I.

### 2.   Count II

Plaintiffs assert Count II—for violation of Sections 406 and 408 of the ERISA, 29 U.S.C. §§ 1106 and 1108—against Sitrick, Nancy Sitrick, the Sitrick Trust, and Reliance.  Reliance argues that Plaintiffs fail to state a claim. (Reliance's Mem. 10.)  It argues that because Plaintiffs received adequate consideration for their shares, the Stock Repurchase was not a prohibited transaction pursuant to Section 408. (*Id.* at 10–11.)  However, for the reasons previously stated, the FAC sets forth an adequate factual basis to conclude that the ESOP did *not* receive adequate consideration for its shares.  Therefore, the Court DENIES Reliance's Motion as to Count II.

### 3.   Count III

Finally, Plaintiffs assert Count III—for violation of Section 405 of the ERISA, 29 U.S.C. § 1105, against Sitrick, Nancy Sitrick, and Reliance.  Plaintiffs

1   argue that Reliance turned a "blind eye" to the flaws in the Personal Goodwill
2   Transaction and thus participated "knowingly" in breaches of fiduciary duty by
3   Sitrick and his wife.  (FAC ¶ 87.)

4       However, just as the FAC fails to allege a factual basis to support the
5   scienter requirement of a Section 405 claim against the Sitrick Defendants, the
6   FAC too fails to provide any facts from which the Court could reasonably
7   conclude that Reliance "knowingly" participated in or advanced the misconduct
8   of other fiduciaries.  Turning a "blind eye" to the conduct of Sitrick and his wife
9   hardly supports an allegation that Reliance, with actual knowledge, concealed the
10  fiduciary breaches of others.  Absent a factual basis to support Plaintiffs' legal
11  conclusion that Reliance acted "knowingly," the FAC fails to state a claim here.

12      Accordingly, the Court GRANTS Reliance's Motion and dismisses Count
13  III *without prejudice* as it pertains to Reliance.

14                              **VI.**

15                          **CONCLUSION**

16      For these reasons, the Court GRANTS IN PART and DENIES IN PART
17  the Sitricks' Motion (Docket No. 29).  The Court GRANTS the Sitricks' Motion
18  and dismisses *without prejudice* Count I, Count II (with respect to the Personal
19  Goodwill Transaction only) and Count III as alleged against Sitrick and Nancy
20  Sitrick.  The Court DENIES the Sitricks' Motion as to all remaining claims.

21      Additionally, the Court GRANTS IN PART and DENIES IN PART
22  Reliance's Motion (Docket No. 30).  The Court GRANTS Reliance's Motion and
23  dismisses *without prejudice* Count III as alleged against Reliance.  The Court
24  DENIES Reliance's Motion as to all remaining claims.

25      Plaintiffs may file an amended complaint not later than September 10,
26  2010.
27  IT IS SO ORDERED.
28

1  Dated: August 10, 2010   _____
2                                Honorable Jacqueline H. Nguyen
                                 UNITED STATES DISTRICT COURT
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28