JAMES J. BROSNAHAN (CA SBN 34555)
JBrosnahan@mofo.com
PAUL FLUM (CA SBN 104424)
PaulFlum@mofo.com
GEORGE C. HARRIS (CA SBN 111074)
GHarris@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000; Facsimile: 415.268.7522

Attorneys for Defendants
MICHAEL S. SITRICK, NANCY SITRICK, and the
MICHAEL AND NANCY SITRICK TRUST

GREGORY A. GARBACZ (CA SBN 167007)
ggarbacz@klinedinstlaw.com
CONNIE M. ANDERSON (CA SBN 210286)
canderson@klinedinstlaw.com
ANTHONY B. DAYE (CA SBN 252217)
adaye@klinedinstlaw.com
KLINEDINST PC
777 South Figueroa Street, 47th Floor
Los Angeles, California  90017
Telephone: 213.607.2115; Facsimile: 213.607.211

Attorneys for Defendants
MICHAEL S. SITRICK and NANCY SITRICK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WOOL, et al., | Case No. CV10-02741 JHN (PJWx) |
| Plaintiffs, | **SITRICK DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF AUGUST 10, 2010 ORDER** |
| v. | |
| MICHAEL SITRICK, et al., | |
| Defendants. | Date:  October 4, 2010 |
| SITRICK AND COMPANY, INC., et al., | Time:  2:00 p.m.<br>Ctrm:  790<br>Judge:  Hon. Jacqueline H. Nguyen |
| Nominal Defendants. | |

1    In their opening brief, the Sitrick Defendants identified several fundamental

2    defects in the First Amended Complaint ("FAC") that were not considered in the

3    Court's August 10, 2010 Order.  Acknowledging those defects, plaintiffs assert that

4    their Second Amended Complaint ("SAC"), filed on September 14, 2010,

5    "materially change[s] the allegations against the Sitrick Defendants."  (Plfs.' Opp.

6    at 2.)  Plaintiffs contend that their revised allegations "address each of the concerns

7    raised in the Motion for Reconsideration," and that if the Sitrick Defendants

8    disagree, "the proper course of action is to file a motion to dismiss with respect to

9    the SAC."  (*Id.* at 2, 3.)

10    While the Sitrick Defendants disagree that the SAC cures the deficiencies

11    that warrant reconsideration, the SAC is not currently before the Court.  As

12    discussed below and in the opening brief, the Court should grant reconsideration

13    and dismiss the FAC in its entirety.  If the Court denies reconsideration, the Sitrick

14    Defendants reserve the right to address the SAC's deficiencies in a new motion to

15    dismiss.

16    **I.    MR. AND MS. SITRICK WERE NOT ERISA FIDUCIARIES**

17    **WITH RESPECT TO THE REPURCHASE TRANSACTION.**

18    Plaintiffs do not dispute that the December 23, 2008 Redemption Agreement

19    between Reliance and SCI establishes that Reliance was the successor trustee to Mr.

20    Sitrick during the period when the Repurchase Transaction was considered and

21    approved.  Nor do plaintiffs dispute that Reliance was the sole entity to review the

22    terms of the transaction on behalf of the ESOP and to approve the transaction on

23    behalf of the ESOP.  These undisputed facts conclusively establish that Mr. and Ms.

24    Sitrick did not exercise discretionary authority or control with respect to the

25    Repurchase Transaction.  *See, e.g., Pegram v. Herdrich*, 530 U.S. 211, 226 (2000);

26

27

28

1    *Hecker v. Deere & Co*., 556 F.3d 575, 583 (7th Cir. 2009).[1]

2          Plaintiffs advance two arguments regarding Mr. and Ms. Sitrick's purported

3    fiduciary status.  First, plaintiffs argue that, as SCI directors who appointed

4    Reliance to serve as the ESOP's independent fiduciary with respect to the

5    Repurchase Transaction, the Sitricks were subject to fiduciary duties in selecting

6    Reliance and monitoring its performance.  (Plfs.' Opp. at 4.)  This theory of

7    fiduciary liability was not alleged in the FAC and thus cannot salvage the FAC's

8    fiduciary duty claims.

9          Second, relying exclusively on *Keach v. U.S. Trust Co*., 234 F. Supp. 2d 872

10   (C.D. Ill. 2002), plaintiffs argue that Mr. Sitrick may be deemed a *de facto* ERISA

11   fiduciary with respect to the Repurchase Transaction despite the fact that Reliance

12   alone made the decision to approve the transaction.  (Plfs.' Opp. at 4.)  *Keach* does

13   not support that position.  *Keach* involved a group of company directors who

14   appointed US Trust to approve a sale of company stock by the directors to the

15   ESOP.  The court held that the directors exercised *de facto* control over the

16   transaction because US Trust had been appointed for "the sole purpose of

17   effectuating the stock purchase transaction," the directors admitted that the decision

18   to go through with the transaction had been made before the appointment of US

19   Trust, and the directors retained authority "to make changes and alterations to the

20   transaction as they deemed necessary."  234 F. Supp. 2d at 882-83.

21          In stark contrast, it is undisputed here that the decision whether to proceed

22   with the Repurchase Transaction (and on what terms) was made solely by Reliance.

23   (*See* RJN Ex. B (Dkt. No. 32-4) at 1-3.)  Mr. Sitrick had no control whatsoever over

24   Reliance's decision, and thus had no *de facto* fiduciary authority over that decision.

25   To the contrary, the Opposition acknowledges that Mr. Sitrick was ESOP trustee

26   _____

27   [1] The Opposition has the audacity to argue, with no reference to the FAC, that maybe the FAC is wrong in having pled that Reliance hired the valuation company. (Plfs.' Opp. at 6 n.2.)  But that is exactly what the FAC pled.  (FAC ¶ 46.)

28

1   "until the Repurchase Transaction." (Plfs.' Opp. at 6.) The FAC does not contain a

2   single well pled allegation that Mr. Sitrick continued to act as trustee at the time of

3   the repurchase.[2]

### II.   THE AUGUST 10 ORDER PUTS MR. AND MS. SITRICK IN AN UNTENABLE POSITION.

6        As shown in the Sitrick Defendants' opening brief: (1) where an independent

7   fiduciary is appointed, the appointing fiduciary is relieved of any fiduciary duties as

8   a matter of law; and (2) the duty to monitor theory asserted pursuant to *Howard v.*

9   *Shay*, 100 F.3d 1484 (9th Cir. 1996), is wholly inapplicable where, as here, the

10  expert is not hired directly by a conflicted ERISA fiduciary. Plaintiffs' Opposition

11  does not address, much less dispute, either point. Instead, they resort to repeating

12  arguments related to other issues, divining new facts that are not pled in their FAC,[3]

13  and mischaracterizing and calling into question the allegations of their own

14  pleading.

15       Plaintiffs do not and cannot refute that the appointment of Reliance as an

16  independent fiduciary relieved the Sitrick Defendants of any fiduciary duties they

17  may have had as a matter of law. 29 CFR 2509.75-8, FR-14. The Motion for

18  Reconsideration should be granted for this reason alone.

19       Likewise, plaintiffs do not disagree that *Howard* only applies where the

20  conflicted ERISA fiduciary ***directly*** hires the expert. Instead, plaintiffs take issue

---

[2] Plaintiffs argue that paragraphs 19 and 67 of the FAC "established" that the Sitricks were ESOP fiduciaries during the Repurchase Transaction. (Plfs.' Opp. at 3.) Plaintiffs are wrong. Paragraph 19 of the FAC pleads nothing more than the fact that Mr. Sitrick was a trustee when the ESOP was formed in 1999. Paragraph 67 pleads nothing more than an unsupported legal conclusion.

[3] Plaintiffs' argument concerning the alleged fiduciary status of the Sitrick Defendants through their status as directors (Plfs.' Opp. at 4) is refuted in Section I, above. Plaintiffs also argue that Mr. Sitrick was the "sole source and filter of information necessary for Reliance and ***its*** appraiser. . ." (*Id.* at 7.) This allegation does not appear in the FAC and hence cannot be considered for purposes of the instant Motion.

1  with the FAC, calling into question their own allegations that Reliance, an
2  independent fiduciary, was hired "to consider and approve the sale of all of the
3  ESOP's Class B shares in SCI to the Sitrick Trust *and to engage an unknown*
4  *financial advisor* to prepare a valuation and/or fairness opinion to support the
5  Transaction." (FAC ¶46; emphasis added.) Moreover, Paragraphs 48, 50, 51, 54,
6  69(i), 71(a) and 71(b) of the FAC all refer to "Reliance and *its* financial advisor."
7  Even plaintiffs' Opposition makes the same concession. (Plfs.' Opp. at 7.)

8      Remarkably, plaintiffs now claim that they do not know whether the
9  allegations in their FAC are even true. (Plfs.' Opp. at 6 n.2.) Plaintiffs, however,
10 cannot disavow their own allegations as is convenient. The FAC clearly and
11 repeatedly states that Reliance, acting as successor trustee and independent
12 fiduciary, hired the valuation company, and for purposes of this Motion, these
13 allegations must be taken to be true. Accordingly, *Howard* is inapplicable to this
14 case and the Sitrick Defendants' Motion should be granted.

15 ### III.   THE FAC FAILED TO STATE A CLAIM AGAINST THE
16 SITRICK DEFENDANTS AS PARTIES IN INTEREST.

17     In their opening brief, the Sitrick Defendants showed that the dollar amount
18 of the consideration approved by Reliance, relative to the ESOP's original 1999
19 valuation and an alleged offer by Resources in 2007 or 2008, is insufficient by itself
20 to establish that the ESOP did not receive adequate consideration pursuant to the
21 Repurchase Transaction. Plaintiffs do not dispute that point. Instead, plaintiffs
22 argue that the Court cannot reach this issue on a motion to dismiss. (Plfs.' Opp. at
23 7-9.) Courts have regularly held otherwise, however, finding that statutory
24 defenses to prohibited transaction claims under ERISA may be applied at the
25 pleading stage. *See, e.g., In re Honeywell Int'l ERISA Litig.*, No. Civ. 03-1214,
26 2004 WL 3245931, at *13-*14 (D.N.J. Sept. 14, 2004). Confirming this principle,
27 the August 10 Order addressed the sufficiency of the FAC's allegations that the
28 ESOP did not receive adequate consideration. (Aug. 10 Order at 16-17.)

1    Plaintiffs also argue that *Harris Trust and Savings Bank v. Salomon Smith*

2    *Barney*, 530 U.S. 238 (2000), does not apply, asserting that "[n]othing in that

3    decision establishes a pleading standard which requires detailed facts to prove a

4    state of mind." (Plfs.' Opp. at 9.) To the contrary, *Harris Trust* holds that party in

5    interest liability requires "actual or constructive knowledge of the circumstances

6    that rendered the transaction unlawful." *Id.* at 251. Knowledge of the transaction's

7    unlawfulness—in this case, knowledge that the transaction was not exempt under

8    Section 408(e)'s adequate consideration exemption—is thus an essential element of

9    plaintiffs' claim and must be adequately alleged in the complaint. *See, e.g.,*

10   *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The FAC failed

11   to allege this essential element with the factual support required under *Ashcroft v.*

12   *Iqbal*, 129 S. Ct. 1937 (2009). *See id.* at 1949 ("a formulaic recitation of the

13   elements of a cause of action will not do"). The Sitrick Defendants' Motion should

14   therefore be granted.

## CONCLUSION

16   For the reasons set forth above, the Sitrick Defendants respectfully request

17   that the Court reconsider the portion of its August 10 Order denying dismissal of

18   plaintiffs' claims based on the Stock Repurchase Transaction, and enter a new order

19   dismissing the FAC in its entirety.

20   Dated:        September 20, 2010

21   GREGORY A. GARBACZ                    JAMES J. BROSNAHAN
     CONNIE M. ANDERSON                    PAUL FLUM
22   ANTHONY B. DAYE                       GEORGE C. HARRIS
     KLINEDINST PC                         MORRISON & FOERSTER LLP
23

24   By:  /s/ Connie M. Anderson          By:  /s/ James J. Brosnahan
           Connie M. Anderson                   James J. Brosnahan
25   Attorneys for Defendants             Attorneys for Defendants
     MICHAEL S. SITRICK and              MICHAEL S. SITRICK, NANCY
26   NANCY SITRICK                        SITRICK, and the MICHAEL
                                          AND NANCY SITRICK TRUST
27

28