| *Attorney or Party without Attorney:* | | | | *For Court Use Only* |
|---|---|---|---|---|
| *Telephone No:* | | | | |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* 81806 | | | |
| *Insert name of Court, and Judicial District and Branch Court:* United States District Court, Central District Of California | | | | |
| *Plaintiff:* RICHARD WOOL, et al. | | | | |
| *Defendant:* MICHAEL S. SITRICK, et al. | | | | |
| **PROOF OF SERVICE SUBPOENA** | *Hearing Date:* Mon, Nov. 15, 2010 | *Time:* 10:00AM | *Dept/Div:* | *Case Number:* CV-10-02741 JHN-PJW |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA FOR DOCUMENTS TO RESOURCES CONNECTION, INC.

3. a. *Party served:* RESOURCES CONNECTION, INC.
   b. *Person served:* LINDSAY GONZALEZ, PERSON IN CHARGE, AUTHORIZED TO ACCEPT SERVICE OF PROCESS

4. *Address where the party was served:* 17101 ARMSTRONG AVE. IRVINE, CA 92614

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Nov. 01, 2010 (2) at: 1:00PM
   b. *I received this subpena for service on:* Monday, November 01, 2010

6. *Witness fees were not demanded or paid.*

7. ***Person Who Served Papers:***
   a. DANNY BAGLEY
   b. **DL INVESTIGATIONS & ATTORNEY SUPPORT LLC**
   1717 E. MORTEN AVE., SUITE 100
   PHOENIX, AZ 85020
   c. (602) 285-9901

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. ***The Fee for Service was:***
   e. I am: (3) registered California process server
   *(i)* Employee
   *(ii) Registration No.:* 4841
   *(iii) County:* Los Angeles

8. ***I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.***

Date:Tue, Nov. 02, 2010

**Judicial Council Form Rule 2.150.(a)&(b) Rev January 1, 2007** **PROOF OF SERVICE SUBPOENA** (DANNY BAGLEY) *3739861.dlinv.40933*

Michael D. Braun
Braun Law Group, PC
10680 West Pico Blvd., Suite 280
Los Angeles, California 90064
Telephone: (310) 836-6000
Facsimile: (310) 836-6010
service@braunlawgroup.com

Attorneys for Plaintiffs
*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

RICHARD WOOL and ALLAN MAYER, on behalf of the Sitrick and Company Employee Stock Ownership Plan,

Plaintiffs,

v.

MICHAEL S. SITRICK and NANCY SITRICK, husband and wife; THE MICHAEL AND NANCY SITRICK TRUST, a trust; RELIANCE TRUST COMPANY, a Georgia corporation; SITRICK AND COMPANY, INC., a California corporation,

Defendants,

SITRICK AND COMPANY EMPLOYEE STOCK OWNERSHIP PLAN;

Nominal Defendants.

No. CV-10-02741 JHN-PJW

**SUBPOENA FOR DOCUMENTS TO RESOURCES CONNECTION, INC.**

**Resources Connection, Inc.**
**17101 Armstrong Avenue**
**Irvine, California 92614**

**GREETINGS:**

Pursuant to Rule 45, Federal Rules of Civil Procedure, you are commanded to produce and permit inspection and copying the designated books, papers, documents or tangible things in your possession, custody or control as specified in the attached Exhibit A as follows:

**DATE AND TIME OF PRODUCTION OF DOCUMENTS:** **November 15, at 10:00 a.m.**

**PLACE OF PRODUCTION OF DOCUMENTS:** **Please contact Deborah Heller, Keller Rohrback, at (602)-230-6340, to make arrangements to have your documents picked up and/or delivered.**

**DOCUMENTS TO BE PRODUCED:** **See Exhibit A**

Rule 45 requires that the text of subdivisions (c) and (d) of the rule appear in the subpoena. Those subdivisions read as follows:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing or sampling may within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving

the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

    3(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

    (iv) subjects a person to undue burden.

    3(B) If a subpoena:

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(1)(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(1)(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(1)(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(2)(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may

not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT**

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

DATED: October 27, 2010

KELLER ROHRBACK, P.L.C.
By: *_/s/ Gary D. Greenwald_*
Gary D. Greenwald
Gary A. Gotto
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
ggreenwald@krplc.com
ggotto@krplc.com

KELLER ROHRBACK, LLP
Derek W. Loeser
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
jfarris@kellerrohrback.com
dloeser@kellerrohrback.com

BRAUN LAW GROUP, PC
Michael D. Braun
10680 West Pico Blvd., Suite 280
Los Angeles, California 90064
Telephone: (310) 836-6000
Facsimile: (310) 836-6010
service@braunlawgroup.com

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **October 27, 2010, Subpoena for Documents to Resources Connection, Inc.** was served on the parties listed below by e-mail and U.S. Mail:

Keith D. Klein
Shelly C. Gopaul
Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401
keith.klein@bryancave.com
shelly.gopaul@bryancave.com
Attorneys for Defendant Reliance Trust Company

Matthew J. Pearce
W. Bard Brockman
Bryan Cave LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3488
matt.pearce@bryancave.com
bard.brockman@bryancave.com
Attorneys for Defendant Reliance Trust Company

James J. Brosnahan
Paul Flum
George C. Harris
Morrison & Foerster, LLP
425 Market Street
San Francisco, California 94105
jbrosnahan@mofo.com
pflum@mofo.com
gharris@mofo.com
Attorneys for Defendants Michael Sitrick, Nancy Sitrick, and the Sitrick Trust

Connie M. Anderson
Gregory A. Garbacz
Anthony B. Daye
Klinedinst PC
777 South Figueroa Street, 47th Floor
Los Angeles, California 90017
canderson@klinedinstlaw.com
ggarbacz@klinedinstlaw.com
adaye@klinedinstlaw.com
Attorneys for Defendants Michael S. Sitrick and Nancy Sitrick

Gary D. Greenwald
Gary A. Gotto
Keller Rohrback, PLC
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
ggreenwald@krplc.com
ggotto@krplc.com
Attorneys for Plaintiffs

Juli E. Farris
Derek W. Loeser
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
jfarris@kellerrohrback.com
dloeser@kellerrohrback.com
Attorneys for Plaintiffs

Michael D. Braun
Braun Law Group, PC
10680 West Pico Blvd., Suite 280
Los Angeles, California 90064
Telephone: (310) 836-6000
Facsimile: (310) 836-6010
service@braunlawgroup.com
Attorneys for Plaintiffs

By: */s/ Gary D. Greenwald*

## DEFINITIONS

A. "Resources Connection, Inc." is designed to include Resources Connection, Inc. of Irvine, California, its principal subsidiary Resources Global Professionals, and all other subsidiaries and affiliates.

B. "SCI" means the Sitrick & Company, its present or past agents, officers, attorneys, directors, representatives, and employees, and anyone acting with authority from or on behalf of any of the foregoing.

C. "Documents" means all originals of any nature whatsoever, identical copies and all non-identical copies thereof pertaining to any medium upon which intelligence or information is recorded in your possession, custody, or control, regardless of where located; including, but not limited to, minutes, notes, comments, worksheets, summaries, records or other reports concerning meetings, conferences, visits, surveys, inspections, statements, interviews or telephone conversations; inter-office and intra-office memoranda and electronic mail (e-mail); books, manuals, pamphlets, bulletins, circulars, instructions, work papers, transcripts, reports, memoranda, summaries, studies, analyses,

evaluations, invoices, contracts, purchase agreements, deeds, promissory notes, mortgages, journal logs, files, statistical records, diaries, calendars, travel and telephone logs, and appointment books, correspondence and telegrams, envelopes and other wrappers and packaging; graphs, charts and maps; transcripts of verbal testimony or statements; checks, check stubs and money orders, travel vouchers, receipts, returns; reports of experts; affidavits; balance sheets, profit and loss statements, books of account, statements of account, and other financial data; financial data, analyses, statistical and other forecasts, projections or budgets; teletypes, telefax; printouts or other stored information from computers or other information retrieval systems; photographic matter or sound reproduction, however produced or reproduced, including, but not limited to, photographs, microfiche, microfilm, videotapes, recordings, motion pictures, cassettes, and discs; and any other written, printed, recorded or graphic matter.

Documents in your control include those documents in the possession of your attorneys, accountants or agents. The term "document" shall also be construed so as to include in each document request a request for every document that revises,

amends, changes, modifies, supersedes, replaces or otherwise alters any document identified.

D. "Relating to" or "Related to" means any document that, in whole or in part, constitutes, contains, embodies, reflects, identifies, states, refers to, pertains, or is in any way relevant to that given subject.

E. "Communications" includes, but is not limited to, oral discussions, statements, conversations, memoranda, e-mail, notations, letters, notices or any documents.

**EXHIBIT A**

**DOCUMENTS TO BE PRODUCED**

1. All written communications by and between Resources Connection, Inc. ("Resources") and/or any of its agents or affiliated entities and Sitrick and Company, Inc. ("SCI") and/or Michael Sitrick ("Sitrick"), and/or any agents of SCI or Sitrick, relating to any merger, stock acquisition or asset purchase involving SCI (hereinafter referred to as the "SCI Control Transaction), from January 2006 through October 2009, including any documents reflecting negotiation of any such transaction.

2. All letters of intent, preliminary term sheets, offers to purchase, and proposed contract documents for an SCI Control Transaction prior to June 30, 2009.

3. All closing binders and documents contained therein reflecting definitive agreements and relating to the acquisition of SCI by Resources and/or any of its affiliates in 2009.

4. All written communications by and between Resources and/or any of its affiliated agents or entities and Sitrick or SCI, and/or agents of SCI or Sitrick, relating to the acquisition of any personal goodwill and/or intangible assets of Sitrick (hereinafter referred to

as the "Goodwill Purchase"), including any documents reflecting negotiation of any such transaction.

5. All letters of intent, preliminary term sheets, offers to purchase, and proposed contract documents for the Goodwill Purchase, prior to June 30, 2009.

6. All closing binders and documents contained therein relating to the Goodwill Purchase by Resources and/or any of its affiliates in 2009.

7. All documents for due diligence review and otherwise provided to Resources and/or its affiliates by SCI or Sitrick in connection with a potential SCI Control Transaction and/or Goodwill Purchase prior to October 30, 2009.

8. All documents relating to compensation, benefits, reimbursement of expenditures, loans or advances, and other corporate costs which SCI incurred in connection with Sitrick and any of his family members, their spouses, or relatives during any of the years 2003 through 2008.

9. All documents relating to any expressions of interest, preliminary term sheets, letters of intent, or offers to purchase which SCI received from any interested buyer (excluding Resources) from 2000 through 2008.

10. All internal documents reflecting and relating to Resources' determination of the market value of an acquisition of SCI (stock and/or assets), including but not limited to, its financial value and its synergistic value.

11. All internal documents reflecting and relating to Resources' calculation of offers to purchase SCI as a multiple of adjusted EBIT or EBITDA and all adjustments made by Resources in its EBIT or EBITDA calculation.

12. All documents reflecting or relating to Sitrick's personal goodwill.

13. All documents reflecting or relating to how the purchase price paid in the SCI Control Transaction and Goodwill Purchase were allocated between SCI, Sitrick, and any others, persons, or entities.

14. All documents reflecting and relating to the amounts paid to date by Resources and/or its affiliates to SCI, Sitrick, or the Sitrick Trust.

15. All agreements by and between Resources and/or its affiliates on the one hand, and Sitrick on the other hand, relating to executive compensation and benefits paid or to be paid to Sitrick after October 31, 2009, as well as any covenants not to compete executed by Sitrick and SCI.