JAMES J. BROSNAHAN
(CA SBN 34555)
JBrosnahan@mofo.com
PAUL FLUM
(CA SBN 104424)
PaulFlum@mofo.com
GEORGE C. HARRIS
(CA SBN 111074)
GHarris@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
MICHAEL S. SITRICK, NANCY
SITRICK, SITRICK AND COMPANY,
INC., and THE MICHAEL AND
NANCY SITRICK TRUST

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WOOL and ALAN MAYER, on behalf of the Sitrick and Company Employee Stock Ownership Plan,<br><br>             Plaintiffs,<br><br>     v.<br><br>MICHAEL S. SITRICK and NANCY SITRICK, husband and wife; THE MICHAEL AND NANCY SITRICK TRUST, a trust; RELIANCE TRUST COMPANY, a Georgia corporation; SITRICK AND COMPANY, INC., a California Corporation,<br><br>             Defendants.<br><br>SITRICK AND COMPANY EMPLOYEE STOCK OWNERSIHP PLAN,<br><br>             Nominal Defendant. | Case No. CV10-02741 JHN (PJWx)<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY THE COURT** |

Each party and their counsel stipulate and move the Court for a Protective Order under Federal Rule of Civil Procedure 26(c) concerning the treatment of Protected Material (defined below) and, in support, state as follows:

Disclosures and discovery in this action will involve the production of confidential, proprietary, and private information.  Use of this information outside of the litigation could result in significant injury to one or more of the parties' business or privacy interests, as well as the privacy interests of non-parties.  As a result, special protection from public disclosure and from use for any purpose other than litigating this action is warranted.  Accordingly, the parties stipulate to and petition the Court to enter the following Protective Order for the purpose of preventing the disclosure and use of Protected Material, except according to the terms of this Stipulation and Protective Order.

## 1.   **DEFINITIONS**

(a)   <u>Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or discovery in this matter.

(b)   <u>Confidential Information</u>:  The designation of "Confidential" shall be limited to Documents or information that the designating person or entity in good faith believes to constitute a trade secret, proprietary business information, private personnel information or data or any information that implicates or may implicate the privacy rights of the designating person or entity or a third party.  A designating person or entity may not designate any Document or information as "Confidential" if it is otherwise publicly available, unless the Document or information is in the public domain as a result of a violation of any duty, law or agreement.  Confidential Information shall exclude any corporate records of SCI which contain only financial or business information of SCI already a matter of public record or not within the scope of this Stipulation and Protective Order.

(c)     <u>Receiving Party</u>:  a party that receives Discovery Material from a Producing Party.

(d)     <u>Producing Party</u>:  a party or non-party that produces Discovery Material in this action.

(e)     <u>Designating Party</u>:  a party or non-party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL."

(f)     <u>Protected Material</u>:  any Discovery Material, including Confidential Information contained therein, that is designated as "CONFIDENTIAL" pursuant to this Stipulation and Protective Order.

(g)     <u>Counsel</u>:  attorneys, either in-house or outside, and their employees who represent or advise a party in this action.

(h)     <u>Expert/Consultant</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

(i)     <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.   SCOPE**

This Stipulation and Protective Order applies to use and disclosure of Protected Materials by a Receiving Party.  This Stipulation and Protective Order shall have no application to any documents filed as a matter of public record prior to the date of this Stipulation and Protective Order.

**3.   DESIGNATING PROTECTED MATERIAL**

(a)     Discovery Material produced in documentary form may be designated as Protected Material by the Producing Party by imprinting the word "CONFIDENTIAL" (or a similar legend) on each page of a produced document.

If only a portion of the material is designated, the Producing Party must identify the protected portion(s) and designate them.

(b)     Discovery Material produced in narrative form (for example, as an initial disclosure or in a response to an interrogatory) may be designated Protected Material by imprinting the word "CONFIDENTIAL" (or a similar legend) on each page of the narrative.  If only a portion of the material is designated, the Producing Party must identify the protected portions and designate them.

(c)     Discovery Material contained in transcribed testimony may be designated Protected Material by giving written notice to counsel of record identifying the portions designated no later than 30 calendar days after receipt of the final transcript of such testimony by counsel for the party whose information has been disclosed.  Before the 30 calendar days expire, the entire transcript shall be treated as having been designated "CONFIDENTIAL."

(d)     If another party or a non-party produces Discovery Material that contains Confidential Information concerning one or more parties to this action, any party may designate such material as Protected Material by serving written notice on all parties within 30 days of receipt of such Discovery Material or within 15 days after entry of this Order, whichever is later.  The notice shall identify the Confidential portions of the Discovery Material by Bates number, page (and if applicable line number), or equivalent means.

(e)     Section 3(d) shall not apply to documents previously produced by Resources Connection, Inc. ("RCI") and BCC Valuation Services ("BCC") in response to plaintiffs' subpoenas in this Action.  Instead, within 15 days after entry of this Order, the Sitrick Defendants shall identify to plaintiffs' counsel the portions of the RCI and BCC productions that they propose to designate as Protected Material and the parties shall meet and confer regarding such designations.  If the Parties are unable to agree that the documents so identified qualify as Protected Material, the Sitrick Defendants shall promptly submit the

dispute regarding the status of these documents to the Court pursuant to Section 4(b) of this Stipulation and Protective Order, and the documents shall be treated as Protected Material Pending the Resolution of such dispute.

(f)     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions upon a showing of good cause.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

(g)     Inadvertent production of any Confidential Information without a designation of confidentiality will not be deemed to waive a later claim as to its proper designation, nor will it prevent the Producing Party from designating said document or material as "CONFIDENTIAL" at a later date.  Following the redesignation of Discovery Material as Protected Material, the party receiving such Protected Material shall take reasonable steps to comply with the redesignation.  However, the Receiving Party shall not be obligated to remove from the public record any Discovery Material that had been filed with the Court as part of the public record prior to the Producing Party's redesignation of that

Discovery Material as Protected Material.  The Producing Party may move to have such document sealed.

### 4.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

(a)  <u>Timing and Procedure</u>:  If counsel for a Receiving Party objects to the designation of certain information as Protected Material, he or she shall promptly inform counsel for the Designating Party, with a copy to all parties, in writing of the specific grounds of objection to the designation.  Counsel objecting to the designation shall then meet and confer with Counsel for the Designating Party to attempt to resolve the objection.

(b)  <u>Judicial Intervention</u>:  If Counsel for the Receiving Party and Counsel for the Designating Party are unable to resolve an objection to a confidentiality designation, Counsel for the Receiving Party may file and serve a motion under Civil Local Rule 37-2 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth the basis for the challenge.  Until the Court rules on the motion, all parties shall continue to treat the Protected Material as confidential.

### 5.  ACCESS TO AND USE OF PROTECTED MATERIAL

(a)  <u>Basic Principles</u>:  A Receiving Party may use Protected Material that is disclosed or produced by another party or non-party only for purposes of litigating this lawsuit.  A Receiving Party may not use Protected Material for any other purpose.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Protective Order.  Protected Material must be stored and maintained by a Receiving Party in a manner reasonably ensuring that access is limited to the persons authorized under this Stipulation and Protective Order.

This Stipulation and Protective Order has no effect upon, and shall not apply to, a party's use of its own Confidential Information for any purpose.

(b)    <u>Disclosure of Protected Material</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a.  A party to this action;

    b.  A party's Counsel;

    c.  Experts and Consultants retained by a Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    d.  The Court and its personnel;

    e.  Mediators;

    f.  Court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    g.  The author of the document and any person identified in the document as a recipient or the original source of the Protected Material;

    h.  During depositions, a witness who is not the author, recipient, or original source of the Protected Material and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

**6.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

(a)    If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must promptly inform the person or persons to whom the unauthorized disclosure was made of the terms of this Stipulation and Protective Order, and request that such person or persons execute the "Agreement to Be Bound by Protective Order" (Exhibit A) or return or destroy the Protected material.

(b)     If the person or persons to whom the unauthorized disclosure was made refuse to execute the "Agreement to Be Bound by Protective Order" (Exhibit A) or to return or destroy the Protected Material, then the Receiving party shall promptly give written notice to the Designating Party of the unauthorized disclosure.  The notice shall include the name and contact information of the person or persons to whom the unauthorized disclosure was made, identify the Protected Material that was disclosed, and describe the efforts made to comply with Section 6(a) hereof.

## 7.   USING PROTECTED MATERIAL IN COURT

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material.  A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 8.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the final termination of this action, each Receiving Party must destroy all Protected Material or return it to the Producing Party.  As used in this paragraph, "all Protected Material" includes all physical and electronic copies of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product even if such materials contain Protected Material.  Any such copies that contain or constitute Protected Material remain subject to this Stipulation and Protective Order.  The Court shall retain jurisdiction to enforce the terms of this Stipulation and Protective Order.

1

### 9.   **MISCELLANEOUS**

2

(a)    <u>Right to Further Relief</u>:  Nothing in this Stipulation and Protective

3

Order abridges the right of any person to seek its modification by the Court in the

4

future.

5

(b)    <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this

6

Protective Order, no party waives any right it would otherwise have to object to

7

disclosing or producing any information or item on any ground not addressed in

8

this Stipulation and Protective Order.  Similarly, no party waives any right to object

9

on any ground to use in evidence of any of the material covered by this Stipulation

10

and Protective Order.

11

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | Dated: February 14, 2011 |
| 2 | |
| 3 | |

JAMES J. BROSNAHAN
PAUL FLUM
GEORGE C. HARRIS
MORRISON & FOERSTER LLP

By:   /s/ Paul Flum
     Paul Flum

Attorneys for Defendants
Michael S. Sitrick, Nancy Sitrick,
The Michael and Nancy Sitrick
Trust, and Sitrick and Company,
Inc.

Dated: February 14, 2011

KEITH D. KLEIN
W. BARD BROCKMAN
MATTHEW J. PEARCE
SHELLEY C. GOPAUL
BRYAN CAVE LLP

By:   /s/ W. Bard Brockman
     W. Bard Brockman

Attorneys for Defendant Reliance
Trust Company

Dated:  February 14, 2011

GARY D. GREENWALD
JULI E. FARRIS
GARY A. GOTTO
DEREK W. LOESER
KELLER ROHRBACK, PLC

By:   /s/ Gary D. Greenwald
     Gary D. Greenwald

Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated: February 15, 2011

                 Hon. Patrick J. Walsh
                 Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Wool, et al. v. Sitrick, et al*, No. CV10-02741 JHN (PJWx).  I agree to comply with and be bound by all the terms of the Stipulation and Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of the Stipulation and Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Stipulation and Protective Order even if such enforcement proceedings occur after termination of this action.

Dated:

__   _____

_____
(signature)

Name:_____

Address:_____

_____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. CV-10-02741 JHN (PJWx)
sf-2936205

1