1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WOOL and ALLAN MAYER, on behalf of the Sitrick and Company Employee Stock Ownership Plan, | **No. 2:10-cv-02741-JHN-PJWx** |
| Plaintiffs, | **FINAL ORDER AND JUDGMENT** |
| v. | |
| MICHAEL S. SITRICK and NANCY SITRICK, husband and wife; THE MICHAEL AND NANCY SITRICK TRUST, a trust; RELIANCE TRUST COMPANY, a Georgia corporation; | **BEFORE THE HON. JACQUELINE H. NGUYEN** |
| Defendants, | |
| SITRICK AND COMPANY, INC., a California corporation; SITRICK AND COMPANY EMPLOYEE STOCK OWNERSHIP PLAN; | |
| Nominal Defendants. | |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Order concerns the proposed settlement ("Settlement") of this litigation (the "Action") involving claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA") with respect to the Sitrick and Company Employee Stock Ownership Plan (the "ESOP").  On February 13, 2012, the Court entered an Order (ECF No. 138) indicating its "approval of the settlement; form to be determined" ("Preliminary Approval Order")[1].  The Court has received declarations attesting to the mailing of the Notice and publication of the Notice in accordance with the Settlement.

A hearing was held on April 23, 2012 (the "Final Approval Hearing") to determine whether to: (i) grant the Final Approval Motion; (ii) approve the form and method of Notice; (iii) approve the proposed Plan of Allocation of the Settlement Fund; (iv) grant Plaintiffs' Counsel's Fees and Expenses Motion; and (v) rule upon such other matters as the Court might deem appropriate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of this Action and all parties thereto pursuant to 29 U.S.C. § 1132(e).

2.      Notice of the Settlement was provided to Affected Participants as directed by the Court's February 13, 2012 Order.  The Notice constituted due, adequate, and sufficient notice of the Settlement to all persons entitled to notice, and met all applicable requirements under the Federal Rules of Civil Procedure and any other applicable law.

---

[1] Unless otherwise defined herein, the capitalized terms defined in the Settlement Agreement submitted to the Court on December 27, 2011 (ECF No. 133, Amended Exhibit A) (the "Settlement Agreement") shall have the same meaning in this Order.

3.    The Settlement was negotiated at arm's-length by experienced counsel who were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions, and with the assistance of an experienced mediator.

4.    The proposed Settlement warrants final approval because it is fair, adequate, and reasonable to the Parties, the ESOP, and the Affected Participants, and based upon (1) the strength of Plaintiffs' case; (2) the risk, complexity, and likely duration of further litigation; (3) the risk (or lack thereof) of maintaining class action status throughout the trial; (4) the amount offered in the Settlement; (5) the stage of the proceedings and the amount of discovery completed; (6) the experience and view of counsel; (7) the reaction of the ESOP's participants to the Settlement; (8) the risks of establishing liability; (9) the risks of establishing damages; (10) the range of reasonableness of the Settlement Amount in light of the best possible recovery and the risk of no recovery; and (11) the range of reasonableness of the Settlement Amount to a possible recovery in light of all the attendant risks of litigation.

5.    The Final Approval Motion is GRANTED, and the Settlement is hereby APPROVED as fair, adequate and reasonable to the Parties, the ESOP, the Affected Participants, and in the public interest.  The settling parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

6.    The form and method of Notice is hereby APPROVED.

7.    The Plan of Allocation is hereby APPROVED.  The Settlement Fund Administrator shall, in accordance with the provisions of the Settlement Agreement, disburse the Settlement Funds to the Sitrick and Company 401(k) Plan as successor to the ESOP in accordance with the Plan of Allocation, subject to any

amounts withheld by the Settlement Fund Administrator for the payment of taxes, statutory penalties, expenses and other sums as authorized in the Settlement Agreement, and attorneys' fees and expenses as authorized by this Order.  The Court finds that the payments and distributions required to be made under the Plan of Allocation are in settlement of disputed claims for damages in the Action; that such disputed claims seek to recover losses claimed by the ESOP as a result of the conduct alleged in the Action; and that the Plan of Allocation provides for similar treatment of similarly situated participants in the ESOP.  The Court accordingly finds that the payments and distributions to be made under the Plan of Allocation represent "restorative payments" for purposes of IRS Revenue Ruling 2002-45. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

8.     Plaintiffs' Counsel are hereby awarded **attorneys' fees of $1,562,500** and **expenses of $93,744.24**.  Such award shall be payable from the Settlement Fund in accordance with the terms of the Settlement Agreement.  Consistent with the Settlement Agreement, the Court finds that the sum of the attorneys' fee and expenses requested by Plaintiffs' Counsel do not exceed 30% of the Settlement Fund.

9.     The Court retains jurisdiction over the Action, the Parties, the ESOP and the Affected Participants for all matters relating to the implementation, interpretation, and enforcement of the Settlement Agreement, this Order and Final Judgment, and any application for fees and expenses incurred in connection with future actions necessary to fully consummate the Settlement and distribute the proceeds thereof.

10.     Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

11.     The following claims are or shall be released, as set forth in Section 3, Paragraphs 3.1 to 3.5 of the Settlement Agreement:

A.     By operation of this Judgment, the Sitrick and Company 401(k) Plan, on its own behalf as the ESOP's successor-in-interest and on behalf of the ESOP and the Affected Participants, shall absolutely and unconditionally release and forever discharge each of the Released Parties from all Released Claims.  By operation of this Judgment, the Sitrick and Company 401(k) Plan and its representatives, agents, attorneys, fiduciaries, administrators, trustees, participants, beneficiaries, predecessors, successors-in-interest, and assigns, including the ESOP and the Affected Participants, shall be bound by the Settlement Agreement and shall be precluded from pursuing any other claims, actions, demands, rights, liabilities, suits, or causes of action, in any judicial or administrative forum of any kind, against the Released Parties with respect to the Released Claims;

B.     Upon the Effective Date, Plaintiffs, on behalf of themselves and their current and former spouses, personal representatives, heirs, executors, administrators, trustees, successors-in-interest, and assigns, shall absolutely, unconditionally, irrevocably, and conclusively release and forever discharge each of the Released Parties from all Released Claims.  Upon the Effective Date, Plaintiffs and their current and former spouses, personal representatives, heirs, executors, administrators, trustees, successors-in-interest, and assigns shall be bound by the Settlement Agreement and shall be precluded from pursuing any other claims, counterclaims, actions,

demands, rights, liabilities, suits, or causes of action, in any judicial or administrative forum, against the Released Parties with respect to the Released Claims;

C.    Upon the Effective Date, all Defendants, on behalf of themselves and their respective predecessors and successors-in-interest, shall absolutely, unconditionally, irrevocably, and conclusively release and forever discharge each Plaintiff and all Plaintiffs' Counsel with respect specifically and exclusively to any claim or cause of action that may arise from the institution or prosecution of the Action;

D.    By operation of this Judgment, Plaintiffs, Defendants, and the Sitrick and Company 401(k) Plan on behalf of itself, the ESOP, and the Affected Participants, shall be deemed to have waived any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other state, territory, or other jurisdiction.  Section 1542 reads in pertinent part: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."  By operation of this Judgment, Plaintiffs, Defendants, and the Sitrick and Company 401(k) Plan on behalf of itself, the ESOP and the Affected Participants shall be deemed to have acknowledged that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other state, territory, or other jurisdiction is a material term of the Settlement Agreement that was bargained for and

without which the Parties would not have entered into the Settlement Agreement.

12.     The following covenants not to sue, as set forth in Section 4, Paragraphs 4.1 to 4.3 of the Settlement Agreement, are hereby incorporated in this Judgment:

A.     By operation of this Judgment, the Sitrick and Company 401(k) Plan, on its own behalf, on behalf of the ESOP as the ESOP's successor-in-interest, and on behalf of the Affected Participants shall be deemed to have covenanted and agreed: (i) not to file or otherwise assert against any Released Party any claim, counterclaim, action, demand, suit, or cause of action based on, arising from, or reasonably relating to any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claim, counterclaim, action, demand, suit, or cause of action brought by the Sitrick and Company 401(k) Plan (whether on its own behalf or on behalf of the ESOP) or any Affected Participant against any Released Party.

B.     As of the Effective Date, each Plaintiff shall be deemed to have covenanted and agreed: (i) not to directly or indirectly file or otherwise assert against any Released Party any claim, counterclaim, action, demand, suit, or cause of action based on, arising from, or reasonably relating to any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claim, counterclaim, action, demand, suit, or cause of action filed or otherwise asserted, directly or indirectly, by any Plaintiff against any Released Party.

C.     As of the Effective Date, each Defendant shall be deemed to have covenanted and agreed: (i) not to file or otherwise assert against any

Plaintiff or Plaintiffs' Counsel any claim, counterclaim, action, demand, suit, or cause of action pertaining to or specifically and expressly arising from any claim released pursuant to Paragraph 3.3 of the Settlement Agreement; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claim, counterclaim, action, demand, suit, or cause of action brought by any Defendant against any Plaintiff or Plaintiffs' Counsel.

13.     All claims asserted in the Action are DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of the Settlement Agreement.

14.     In the event that the Settlement is terminated in accordance with the terms of the Settlement Agreement, this Judgment shall be null and void and shall be vacated nunc pro tunc, and Paragraph 9 of the Settlement Agreement shall govern the rights of the Parties thereto.

SO ORDERED this 26th day of April, 2012.

_____
Hon. Jacqueline H. Nguyen
United States District Judge